IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TAURUS TYRONE NOLES | § | |
|     TDCJ-CID #1378506 | § | |
| v. | § | C.A. NO. C-09-117 |
| | § | |
| MAJOR AURELIO AMBRIZ, ET AL. | § | |

## ORDER DISMISSING CERTAIN CLAIMS AND RETAINING CASE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's Eighth Amendment failure to protect claim against Major Aurelio Ambriz is retained, and service shall be ordered on this defendant. Plaintiff's failure to protect claim against Brad Livingston is dismissed with prejudice for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. After consent by the plaintiff, (D.E. 9), this case was referred to a United States magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 11); see also 28 U.S.C. § 636(c).

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, and is currently incarcerated at the Eastham Unit in Lovelady, Texas. His complaint, however, concerns events that arose while he was in custody at the McConnell Unit in Beeville, Texas.

Proceeding *pro se*, plaintiff filed this lawsuit on May 29, 2009, alleging that Major Aurelio Ambriz, a McConnell Unit corrections officer, and Brad Livingston, the TDCJ Executive Director, were deliberately indifferent to his health and safety by failing to assign him to protective custody, thus allowing him to be assaulted on May 17, 2009 by other inmates. (D.E. 1). A Spears[1] hearing was conducted on June 25, 2009, to afford plaintiff an opportunity to better explain his claims. The following allegations were made in plaintiff's original complaint, or at the hearing.

Plaintiff was convicted of shooting an individual who had known ties to the Bloods street gang.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Plaintiff arrived at the McConnell Unit in mid-2006. At the end of 2007, or the beginning of 2008, a cousin of the individual plaintiff shot, and also a Bloods gang member, arrived on the McConnell Unit. This inmate, along with other members of the Bloods, began threatening plaintiff's life.

In June or July of 2008, plaintiff filed a life in danger ("LID") complaint. He went before a Unit Classification Committee and requested a transfer. However, at the time he filed the LID, he was housed in close custody, and his LID claim was denied. In August, 2008, plaintiff was released to general population.

In May 2009, the cousin and other Bloods resumed threatening plaintiff. On May 6, 2009, plaintiff sent Major Ambriz an I-60 informing him that he had been threatened by members of the Bloods, and he requested to be transferred or placed in protective custody. Plaintiff did not receive a response to his I-60, so on May 15, 2009, he filed a Step 1 grievance addressed to Major Ambriz stating that he did not feel safe in 3-Building.

On May 17, 2009, plaintiff was attacked in the 3-Building recreation yard. He was attacked from behind, but believes there were three or four inmates involved in the attack. He was punched and kicked, and now suffers from migraine headaches, which he did not have prior to the assault.

Following the assault, plaintiff was taken to medical. Thereafter, he was returned to his regular housing. On May 18, 2009, the night sergeant on duty heard known members of the Bloods threaten to kill plaintiff. Prison officials then moved plaintiff that night to some type of protective housing.

On June 9, 2009, plaintiff went before a Unit Classification Committee, and it was recommended that he be transferred. On June 19, 2009, plaintiff was transferred off the McConnell Unit.

Plaintiff maintains that Major Ambriz knew that he was at risk of harm while housed in 3-Building, but did nothing to protect him, resulting in his being assaulted on May 17, 2009. He claims that Major Ambriz is responsible for his injuries and he seeks compensatory and punitive damages.[2] Plaintiff argues that Brad Livingston, as executive director of the TDCJ, is ultimately responsible for inmate safety, and as such, is liable for damages when that safety is compromised.

## III. DISCUSSION

**A.      Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Federal law provides for sua sponte dismissal if the Court finds that the complaint is frivolous or that it fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a); 42 U.S.C. § 1997e(c)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

---

[2] Plaintiff has also requested that Major Ambriz be placed on leave without pay, and that he be awarded certain time credits to render him eligible for parole. These remedies are not available in a § 1983 action. See Ruiz v. Estelle, 679 F.2d 1115, 1145 (5th Cir. 1982), amended in part, vacated in part, 688 F.2d 266 (5th Cir. 1982) (per curiam) (a district court can order only relief sufficient to correct the violation found). Thus, there is no authority to sanction Major Ambriz. Moreover, because plaintiff has been transferred off the McConnell Unit, he is no longer entitled to injunctive relief. See Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000) (request for injunctive and declaratory relief becomes moot when inmate leaves the complained-of facility). To the extent plaintiff seeks good and work time credits applied to his sentence, those claims necessarily affect the duration of his sentence, and as such, must be pursued in a habeas corpus proceeding. Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)).

The Supreme Court has established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.     Plaintiff's Failure To Protect Claims.**

Prison officials have a duty to protect prisoners from violence at the hand of other prisoners. Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). A prison official is deliberately indifferent to the inmate's safety if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Id. (citing Farmer, 511 at 847). Deliberate indifference describes a state of mind "more blameworthy than negligence;" there must be "more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835.

       **1.     Plaintiff's failure to protect claim against Major Ambriz is retained.**

Plaintiff alleges that he was at increased risk of harm from Bloods gang members due to the nature of the crime for which he was imprisoned, having shot the cousin of a Bloods gang member. He testified that he told Major Ambriz about the problem via an I-60 report and a Step 1 grievance, but that Major Ambriz failed to investigate his claim or take any affirmative action

to protect him. Plaintiff has stated sufficient facts for purposes of § 1915A to retain his claim against Major Ambriz. Accordingly, plaintiff's claim against Major Ambriz will be retained, and service ordered on this defendant.

### 2. Plaintiff's failure to protect claim against Brad Livingston is dismissed.

Plaintiff claims that Brad Livingston, as TDCJ director, is responsible for his safety and thus liable for failing to protect him from the attack.

To state a cause of action under § 1983, plaintiff must identify defendants who were either personally involved in the constitutional violation, or whose acts are causally connected to the constitutional violation alleged. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Moreover, § 1983 does not create supervisory or *respondeat superior* liability. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability pursuant to § 1983. Id. at 742 n.6 (citing Alton v. Tex. A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause the constitutional deprivation, or (2) implement unconstitutional policies that causally result in plaintiff's injury. Oliver, 276 F.3d at 742; Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1997).

Plaintiff has failed to allege any personal involvement by defendant Brad Livingston. He does not claim that he notified Mr. Livingston personally of his situation or that he was in fear for his life, or that Mr. Livingston sat on a Unit Classification Committee, or in any other manner was personally involved in decisions affecting plaintiff's classification. Further, plaintiff does not suggest that Mr. Livingston implemented any unconstitutional policy that caused him injury.

Thus, plaintiff's claims against Brad Livingston are dismissed for failure to state a claim and as frivolous.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

## IV.  CONCLUSION

For the reasons stated above, plaintiff's failure to protect claim against Major Aurelio Ambriz is retained, and service shall be ordered on this defendant.  Plaintiff's Eighth Amendment claim against Brad Livingston is dismissed with prejudice for failure to state a claim and as frivolous.

ORDERED this 1st day of July 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE